**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| GLENN CARPENTER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N23C-06-081 FJJ |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| LIBERTY MUTUAL INSURANCE | ) | |
| COMPANY, and LM GENERAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: November 13, 2024
Decided: November 20, 2024

## OPINION AND ORDER

*On Plaintiff's Motion for Summary Judgment*

**DENIED**

*Karin Sarkisian, Esquire,* Kennedys CMK, LLC, Wilmington, Delaware, *Attorney for Plaintiff.*

*Daulton Gregory, Esquire,* Marin & Gregory, LLC, Wilmington, DE 19801, *Attorney for Defendant*

**Jones, J.**

This case involves a claim by Plaintiff to recover under two separate insurance policies for underinsured motorist benefits issued by Liberty Mutual Insurance Company. The first policy covered a car that Plaintiff was operating at the time of the incident that gives rise to the claim. The second policy covered a motorcycle that was not involved in the accident. Defendants have asserted that Plaintiff cannot stack the two policies given the language of 18 *Del. C.* §3902 and have denied the claims under the motorcycle policy. In addition to the usual UIM claims, Plaintiff has asserted additional extra contractual claims including an Unfair Claims Practices Act claim. The extra contractual claims revolve around allegations that the carrier has acknowledged that the value of the Plaintiff's claims exceed the amount of coverage under the automobile policy, but Defendant has failed to pay the policy limits under the automobile policy without Plaintiff signing a release releasing all claims under both the automobile and motorcycle policy.

Plaintiff previously filed a Motion for Summary Judgment arguing that he was entitled to the $100,000 under the automobile policy because Liberty Mutual agreed to tender that policy, and Plaintiff accepted the tender of that policy. The factual basis for the offer was an April 28, 2022 letter to Plaintiff's counsel from Liberty Mutual's adjuster and an email response from Plaintiff's counsel to that adjuster.

The appropriate portion of the April 28, 2022 letter provided:

> On April 18, 2022, you presented a demand for Mr. Carpenter under the Underinsured Motorist bodily injury coverage for the accident of October 31, 2021. The demand was for $200,000.00, which is the total of the coverage stacked between the policies. As explained above, I am not able to meet this demand as the policy issued to Mr. Carpenter does not support it.
>
> However, I am in position to offer the available $100,000.00 under Mr. Carpenter's automobile policy claim 047435635-05 in exchange for a full and final release.

In a verbal decision, the Court denied Plaintiff's Motion for Summary Judgment. The Court found that Liberty Mutual's offer of $100,000 was conditioned on Plaintiff releasing all claims that it had against Liberty Mutual. Since Plaintiff clearly wanted to retain the right to bring an action under the second policy, there was no meeting of the minds. As such, no contract was formed between the parties as to a binding agreement.

Trial in this matter is scheduled for December 9, 2024. The Court has bifurcated the issues to be tried. The December 9th trial is limited to the traditional issues involved in a UIM case: (1) the liability of the underinsured motorist and (2) the amount of Plaintiff's damages. Plaintiff's extra contractual claims and his entitlement to benefits under the second policy, whether by way of Liberty Mutual's actions or the language of its policy, will be tried after trial establishes the amount of Plaintiff's damages.

3

Plaintiff has filed the instant renewed Motion for Summary Judgment maintaining that the recent Supreme Court decision in *Ginsberg v. Harleysville Worcester Insurance Company* compels this Court to conclude that Defendants are obligated to pay the $100,000 policy limit under the policy of the car that the Plaintiff was in at the time of this accident. *Ginsberg* dealt with the stacking of UIM policies from the same carrier and concluded that §3902 did not bar stacking if the applicable policies permitted it.[1] Finding that the polices at issue were ambiguous and that under one interpretation of the policy coverage could be stacked, the Court permitted the polices to be stacked.[2]

Another issue in *Ginsberg* was whether releases signed by the two different people barred them from pursuing the second policy.

Plaintiff maintains that Ginsberg requires this Court to find that he is entitled to stack the two policies and that the Ginsberg decision requires this Court to enter summary judgment as the first $100,000.

I turn to the release issue. *Ginsberg* was a wrongful death and survivor claim resulting from the death of Davis. Ginsberg was Davis' husband and Zoladkiewicz was the father of Davis' child. Both Ginsburg and Davis signed different releases. These releases constituted an agreement between the parties as to settlement. There

---

[1] *Ginsberg v. Harleysville Worcester Ins. Co.*, 2024 WL 4599219 at *4 (Del. 2024).
[2] *Id.* at *5.

was no factual question that there was a meeting of the minds regarding a settlement. The question in *Ginsberg* was not whether there was a valid offer and acceptance but whether the scope of the agreement included the second policy. As to one release signed by Ginsberg, there was no limiting language. The Court held he was barred from pursuing an individual claim because he signed the release but could pursue a claim as the executor of his estate because the release did not cover the estate's claims. As to the Zoladkiewicz's release, there was language limiting the release to a specific policy, so the Court ruled that a claim against the second policy had not been released. The teaching of *Ginsberg* is that where there is a meeting of the minds regarding the settlement the Court will enforce what the actual agreement was between the parties based on the agreements made.[3]

In the instant case, there was no meeting of the minds as to a settlement. Liberty Mutual agreed to settle the case "in exchange for a full and final release." Plaintiff wanted to continue to pursue the second policy as a condition of settlement. There was simply no agreement regarding the settlement. Therefore, Plaintiff is not entitled to summary judgment because there was no agreed upon settlement.[4]

This Court has made it clear that it will not address the question of stacking of the polices until after the upcoming trial which will determine the value of

---

[3] *Id.* at *5-6.

[4] Whether Liberty Mutual actions amount to an unfair claims practice and entitles Plaintiff to contractual damages is an issue for another day.

Plaintiff's damage. Nothing has been presented by Plaintiff that suggests to the Court that it should depart from the path that has been established in this case. A decision on the stacking of the polices is deferred until the second phase of this case.

**IT IS SO ORDERED**.


/s/ Francis J. Jones, Jr.
Francis J. Jones Jr., Judge



cc:     *Original to the Prothonotary*
       Karine Sarkisian, Esquire
       Daulton V. Gregory, Esquire